CHARLES S. GOODHUE *vs.* JOEL DIX, JR.

A master is not liable, under the Rev. Sts. *c.* 51, § 3, for the damages sustained by any party, by reason of the omission of his servant seasonably to drive the master's vehicle to the right of the middle of the travelled part of a road, when meeting another vehicle.

MERRICK, J. This action is founded upon the provisions of the 51st chapter of the revised statutes, which require that whenever persons travelling with any kind of vehicle shall meet each other upon a road or bridge, each of them shall seasonably drive his vehicle to the right of the middle of the travelled part of the road or bridge, so that their respective vehicles may pass each other without interference. The declaration contains no averment that either the defendant or his servant was guilty of carelessness or negligence; but only that the servant of the defendant, while travelling with his cart through and along Warren Street in the city of Charlestown, met the plaintiff, and omitted seasonably to drive the cart to the right of the middle of the travelled part of the road, whereby the plaintiff's chaise was overset and broken. No evidence was offered upon the trial tending to implicate the defendant in this act or omission of his servant; yet the court instructed the jury that upon proof of the fact, he was responsible for the injurious consequences resulting from it. This position is not warranted by the language, or by a proper construction of the several provisions of the statute. The statute points out and prescribes very clearly both the consequences which are to follow a violation of its

requirements, and the party by whom they are to be borne. It makes the omission or failure, in the contingencies enumerated, to drive according to the rule prescribed, a criminal offence; and moreover subjects the party, by whom it is committed, to the responsibility of compensating all other parties for the damages to them resulting from it. "Every person, offending against the provisions" of the act, " shall for each offence forfeit a sum not exceeding twenty dollars, to be recovered on complaint before any justice of the peace; and he shall be further liable to any party for all damages sustained by reason of such offence." § 3. This language limits the responsibility for damages, resulting from a mere violation of the rule of driving prescribed and established by the statute, to the party who is guilty of it. And therefore the employer or owner of the vehicle driven, if he be in no way implicated in the conduct of the servant, as the facts reported in the bill of exceptions show that the defendant in this case was not, is not liable for damages which ensue simply from the failure of the servant to drive upon a proper occasion to the right of the middle of the travelled part of the road.

This statute repeals no part of the common law, relative to the liability of principals or employers for the carelessness or negligence of their agents or persons in their employment. But we do not find it necessary now to consider how far, or in what instances, the former are legally responsible for the unlawful acts of the latter, because the statute itself, upon which this action is brought, confines alike the civil remedy and the public prosecution to the particular individual who is personally guilty of violating the rule he is required by law to observe.

*Exceptions sustained*

*M. G. Cobb*, for the defendant.
*E. Buttrick*, for the plaintiff.